UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPH HALL, | : CASE NO. 1:07-CV-255-SJD |
|    Plaintiff on Behalf of Himself | : |
|    and All Similarly Situated Persons, | : Judge Susan J. Dlott |
| | : |
| vs. | : |
| | : |
| BRONSON & MIGLIACCIO, LLP, | : |
| RORY CALLAHAN, | : |
| AND CSGA, LLC, | : |
|    Defendants. | : |

**FINAL JUDGMENT APPROVING THE CLASS ACTION SETTLEMENT**

This matter comes before the Court on the joint request of Plaintiff, Joseph Hall, individually, and on behalf of a Settlement Class of similarly situated persons (collectively, "Plaintiff" or "Class Members") and Defendants Bronson & Migliaccio, LLP, Rory Callahan, and CSGA, LLC, for final approval of the Class Action Settlement Agreement (the "Agreement") dated January 24, 2008.

The total number of Class Members is 234.

Notice was sent by first-class mail to 234 Class Members to the last known address of each Class Member as contained on the books of the Defendants.

A total of forty-five (45) envelopes mailed to the Class Members containing the Notice of Class Action were returned by the Post Office as undeliverable and unable to forward to the United States District Court for the Southern District of Ohio, Western Division. Copies of the returned envelopes for such Class Member are filed in the docket of this case. A list of the Class Members' names whose Notices and envelopes were returned is designated below:

| | |
|---|---|
| Alex Alexander | Donald Kelly |
| Sarina Alexander | Sheila Konkola |
| Mohammad Alghiazwi | Sonya Lackey |
| Sarah Anderson | David Laurito |
| Sherri Beveridge | Gary Lebarre |
| Jack Byers | Webb May |
| Cora Carter | Bernadette Molbrough |
| Kent Cusick | Andrew Nelson |
| Marcus Donald | Romyus Permana |
| Pamela Druschel | Beverly Piotrowski |
| Lee Fair | Dorothy Price |
| Pamodou Faye | David Richards |
| Toni Fittz | Randal Roberts |
| Aimee Forshey | Wanda Roush |
| Nellie Fox | Heather Sariego |
| Mary Gilbert | Joshua Smith |
| Clifford Gurd | Christina Strausbaugh |
| Bruce Hardman | Timothy Suggett |
| Corry Haxton | Evangelin Turay |
| Lori Hyler | John Ward |
| Shannon Justice | Larry Webb |
| Sam Kabbara | Terri Whitehead |
| | Khin Win |

No Class Member objected to the Settlement.

No Class Member requested exclusion from the Class.

The Court being duly advising in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section and throughout the Class Action Settlement Agreement.

2. <u>Notice</u>. The Court finds that the distribution of the Notice as provided for in the Conditional Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of

Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. Final Approval. The Court finds that the Settlement is fair, reasonable, and adequate, and, accordingly, the Court approves the Settlement and directs that the Parties implement it, as follows:

    a. The Parties are directed to implement the settlement in accordance with its terms.

    b. As no Class Member has timely and effectively requested exclusion from the Settlement Class, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

    c. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

    d. Upon the Effective Date, the Class Representative and all Class Members, who have not timely and effectively requested exclusion from the Class, shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

    e. Nothing herein shall alter, amend or terminate the right of the Defendants to collect any balance (including, but not limited to, principal, interest and other costs and charges) owed by any Settlement Class Member, for any debt. Nothing herein releases or discharges: (1) any legally enforceable claim which the Defendants or their clients may have against any Class member or any other person or entity; or (2) any legally enforceable lien which the Defendants or their clients may have against any or all Class Members or any other person or entity. Nothing herein voids or abrogates the contractual obligations of any Settlement Class Member.

4. Injunction. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against the Defendants for liability in any way related to, arising out of, or based upon the Released Claims.

3

5.  <u>Defendants' Denial of Liability</u>. The Court notes that the Defendants deny any liability to Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, the Defendants consider it desirable that the Action be dismissed and that all the claims against the Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against the Defendants arising from the acts, transactions, or occurrences alleged in the Action.

6.  <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and the Defendants. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7.  <u>Attorneys' Fees</u>. The Court awards to Class Counsel, Steven C. Shane, Attorneys' Fees in the total amount of $11,025.00, which represents a total of 44.10 hours expended at $250.00 per hour. The Court further Orders reimbursement in the amount of $388.92 for the expenses and costs of this litigation.

8.  <u>Entry of Judgment.</u> There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

IT IS SO ORDERED.

Dated: 5/30/08

*Susan J. Dlott*
HON. SUSAN J. DLOTT
United States District Court Judge

4